UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELVANO GALLI<br>        Plaintiff, | )<br>)<br>) |
| v. | )     C.A. No. 04CV11544JLT<br>) |
| F/V BARBARA ANN (O.N. 699442)<br>   her engines, boilers, tackle,<br>   fishing permits and appurtenances,<br>   *in rem* | )<br>)<br>)<br>)<br>) |
| and Louis Pasquale, *in personam*,<br>        Defendant. | )<br>) |

**MOTION TO ARREST AND FOR AN ORDER FOR ISSUANCE OF PROCESS OF ATTACHMENT FOR ALL MONIES AND CASINO CHIPS HELD BY THE DANVERS POLICE DEPARTMENT AND ESSEX COUNTY DISTRICT ATTORNEY AS EVIDENCE IN A CRIMINAL PROCEEDING AND ALL MONIES HELD AS BAIL BY THE ESSEX COUNTY SHERIFF'S DEPARTMENT FOR LOUIS PASQUALE**

Now comes the Plaintiff, by his attorneys, and moves pursuant to Supplement Admiralty Rule C and Rule 64 of the Federal Rules of Civil Procedure and M.G.L. c.223 §42 for an Order of Arrest and Order of Issuance of Process of Attachment that all monies and casino chips held by the Danvers Police Department as evidence and all monies held by the Essex County Sheriff's Department as bail, once said money is available to be released by said Sheriff. In support of this request, the Plaintiff states as follows:

1. Louis Pasquale was a commercial fisherman operating two commercial fishing vessels, F/V BARBARA ANN and F/V SPRAY. See Verified Complaint and Exhibit "A" attached hereto.

2. In April of 2003, the Mr. Galli, relying on security of the vessels, their appurtenances and her owners, loaned money to the Pasquale for necessaries to these vessels for which he claims a maritime lien in the amount $85,000.00. See Id.

3. Despite repeated demand, Mr. Pasquale has failed to reimburse Mr. Galli any money.

4. In May of 2004, Mr. Pasquale sold the fishing history and permits that belonged to the F/V SPRAY for approximately $130,000.00. That fishing vessel and permit was also the basis for Mr. Galli to extend credit to Mr. Pasquale. See Exhibit "A" attached hereto.

5. In May of 2004, Mr. Pasquale was arrested, he was found to have approximately $15,531.00 in cash and $1,505.00 in casino gambling chips in his possession. Said money and chips are currently being held by the Danvers Police Department. See Exhibit "B" attached hereto.

6. On or about July 12, 2004, Mr. Galli filed this action.

7. Mr. Galli has been successful in arresting the F/V BARBARA ANN, however, the value of said vessel is significantly less than the amount owed to Mr. Galli. Said vessel lacks any limited access fishing permits or history that would give the vessel sufficient value to satisfy Mr. Galli's maritime lien. See *Gowen, Inc. v. Quality One*, 244 F.3d 64 (1st Cir. 2001) for explanation of value of fishing permits.

8. Mr. Galli has a maritime lien on the F/V SPRAY's fishing permits. See Exhibit "A" attached hereto. Said permits under General Maritime Law are appurtenances to the vessel. See *Gowen, Inc. v. Quality One*, 244 F.3d 64 (1st. Cir. 2001). As a result, if said permits were sold then Mr. Galli's maritime lien would extends to the proceeds from the sale of said permits.

9. Mr. Galli did not learn that the fishing permits belonging to the F/V SPRAY were sold until after this action was filed.

10. Upon information and belief, Mr. Pasquale asserted in the criminal trial and has provided the District Attorney for the Eastern District with documentation supporting the fact that the $15,531.00 and the $1,505.00 worth of casino chips that were seized from Mr. Pasquale in May of 2004 are part of the proceeds left from the sale of the limited access fishing permit and history that belonged to the F/V SPRAY. See Exhibit "C" attached hereto.

11. On December 23, 2004, the Defendant Louis Pasquale was convicted in Salem District Court, Salem, Massachusetts of the crime of heroin possession and sentenced to six months in prison at the Essex County Sheriff's Correctional Facility in Middleton, Massachusetts.

12. The Essex County District Attorney's Office have filed a civil suit asking a Superior Court Judge to issue an order stating that the $15,531.00 belongs to the Commonwealth pursuant to M.G.L. c.94C §47. See *Commonwealth of Massachusetts v. Louis Pasquale*, Essex County Superior Court Docket No.: ESCV2004-01646. This action does not include the $1,505.00 in casino gambling chips. See Exhibit "B" attached hereto.

13. Mr. Pasquale spent a period of time in the Middleton Jail in Essex County and was released after posting a $25,000.00 cash bail. Said bail monies are believed to be in the possession of the Essex County Sheriff's Department and may have been additional proceeds from the sale of the fishing permits and history belonging to the F/V SPRAY.

14. Under General Maritime Law, maritime liens have priority over forfeitures to any local, state or federal governments. See e.g. *The St. Jago de Cuba*, 22 U.S. 409 (1824); *Jackman v. U.S.* 54 F.2d 227 (1931); *The Eugenia Emilia*, 298 F. 340 (D.Mass. 1924); *The Minnie* V, 24 F.2d 604 (D.Mass. 1927); The *Charles D. Leffler*, 100 F.2d 759, 1939

AMC 183 (5th Cir. 1938); *Bard v. The Silver Wave*, 98 F.Supp. 271, 1951 AMC 1079 (D.Md. 1951). Therefore, regardless of the outcome of the state court proceedings, Mr. Galli's lien gives him possession of said cash and casino chips regardless of whether the outcome in the state court is for Mr. Pasquale or for the Commonwealth.

15. Rule C allows the arrest of proceeds from the sale of a vessel or its appurtenance. Clearly, the permits were an appurtenance of the F/V SPRAY. See *Gowen, Inc. v. Quality One*, 244 F.3d 64 (1st. Cir. 2001). The proceeds left over from that sale are subject to arrest. See Rule C. Urgency exists to arrest the funds held by the Essex County Sheriff due to the Defendant's ability to obtain and transfer said funds immediately from the Sheriff's Department to evade these proceedings.

16. Rule 64 of the Federal Rules of Civil Procedures allows for attachment of the money in the possession of the Danvers Police Department that belongs to the defendant under Massachusetts state law. See Rule 4.1 of the Massachusetts Rules of Civil Procedure and M.G.L. c.223 §42.

WHEREFORE, the plaintiff respectfully requests that this Honorable Court issue the following:

1. Order of Issuance of Process of Attachment of the $15,531.00 in cash and $1,505.00 in Foxwoods Casino gambling chips in the possession of the Danvers Police Department are to be transferred to the Clerk of this Honorable Court until further order by this Court.

2. Order the Arrest of the $25,000.00 bail held by the Essex County Sheriff's Department posted by or on behalf of Louis Pasquale and that said funds be paid into this Court for further determination once the Essex County Sheriff no longer needs to hold said monies as bail;

3. Order of Issuance of Process of Attachment of the $25,000.00 bail held by the Essex County Sheriff's Department until such time as it no longer needs to hold said monies as bail at which point order the Essex County Sheriff's Department to transfer said funds to the Clerk of this Court;

Respectfully submitted,
Elvano Galli
By its attorney

_____
David S. Smith, Esquire
BBO No.: 634865
Cianciulli and Ouellette
163 Cabot Street
Beverly, MA 01915
Tel: (978) 922-9933

CERTIFICATE OF SERVICE

I, David S. Smith, attorney for the proposed intervening defendant, hereby certifies that I caused to have served a copy of the foregoing document pursuant to Superior Court Rule 9A by regular mail postage prepaid to George B. Newman, Assistant District Attorney for the Eastern District Museum Place, Two East India Square, Salem, Massachusetts 01970 and upon John McBride, McBride & Natola, 240 Commercial Street, Boston, Massachusetts 02109 and upon Louis Pasquale, care of the Essex County Correctional Facility & Sheriff's Headquarters P.O. Box 807 Middleton, Massachusetts 01949-2807 this 12th day of January, 2005.

_____
David S. Smith

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELVANO GALLI<br>　　　　Plaintiff,<br><br>v.<br><br>F/V BARBARA ANN (O.N. 699442)<br>　her engines, boilers, tackle,<br>　fishing permits and appurtenances,<br>　*in rem*<br><br>and Louis Pasquale, *in personam*,<br>　　　　Defendant. | C.A. No. 04CV11544JLT |

### AFFIDAVIT OF ELVANO GALLI

I, Elvano Galli, being sworn depose and say:

1. As stated in the verified complaint, I loaned the vessel and her owners money for supplies and other necessities.

2. Despite repeated demand upon the vessel and her owners, the Defendant, Louis Pasquale has failed to re-pay the loan.

3. After the filing of this lawsuit, I learned that the Defendant sold the fishing history and permits on the F/V SPRAY for approximately $130,000.00. That fishing vessel and permit was also the basis for me to extend credit to the Defendant. The F/V SPRAY is a liability and not an asset. The permits on that vessel gave her value.

4. Prior to filing of this lawsuit, the Defendant was arrested and charged for heroin trafficking in Salem District Court in Salem, Massachusetts.

5. When the police arrested Mr. Pasquale, he was found to have approximately $16,000.00 in cash that is being held as evidence by the Danvers Police Department.

6. Mr. Pasquale spent a period of time in Middleton Jail until be posted a $25,000.00 cash bail. Said money is being held by the Essex County Correctional Facility and Sheriff's Headquarters.

7. It is my belief that Mr. Pasquale used the money from the sale of the fishing permit to purchase the heroin that he intended to traffic. It is also my belief that the $16,000.00 that is in the evidence locker with the Danvers Police Department along with the $25,000.00 cash bail money held by the Essex County Sheriff is cash that was left from the sale of the fishing permits.

8. Mr. Pasquale has told me that he maintains at least one and possibly two storage containers with fishing equipment and other gear at a dock in Gloucester, Massachusetts. He also has other fishing equipment and gear stored at a storage facility in Gloucester, Massachusetts.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 20th DAY OF SEPTEMBER, 2004.

_____
Elvano Galli

State: New York
County: Kings

On this 20th day of September, 2004, before me, the undersigned notary public, personally appeared Elvano Galli, proved to me through satisfactory evidence of identification Savings Bank Customer, to be the person whose name is signed on this document and stated that the foregoing instrument to be his true act and deed, before me,

_____
Notary Public
My Commission Expires:

MARIE SIANO
Notary Public, State of New York
No. 01SI5077807
Qualified in Kings County
Commission Expires May 12, 2007

2

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                   SUPERIOR COURT DEPARTMENT
                                             NO. (S).   CIVIL

                                             04-1646

COMMONWEALTH OF MASSACHUSETTS
BY THE DISTRICT ATTORNEY FOR
THE EASTERN DISTRICT
PLAINTIFF

             v.                              **COMPLAINT**

$15,531.00
LOUIS PASQUALE
FIFTEEN THOUSAND FIVE HUNDRED
AND THIRTY ONE DOLLARS


I.         Statement of the Case

    1.     This is a civil action in the nature of a proceeding in rem under G.L.c. 94C, Section 47, (d) and/or under G.L.c. 135, Section 7 to order forfeiture of Fifteen Thousand Five Hundred And Thirty One Dollars in United States currency.

    2.     The Plaintiff is the Commonwealth of Massachusetts, acting by and through Jonathan W. Blodgett, the duly elected District Attorney for the Eastern District, which is coextensive with Essex County.

II.        Jurisdiction

    3.     The Commonwealth petitions under G.L.c. 94C, Section 47 (d) for an order of forfeiture arising out of incidents occurring in Danvers, MA., on May 26, 2004.

III.       Facts

    4.     Fifteen Thousand Five Hundred And Thirty One Dollars was seized from the person/home of Louis Pasquale, 72 Grove Street, Gloucester, Ma, 01930.

    5.     The monies for which the Commonwealth seeks forfeiture are monies used, or intended for use, in the procurement, manufacture, compounding, processing, delivery or distribution of a controlled substance or are monies which are the proceeds of the sale of a controlled substance, to wit: HEROIN, KLONOPIN, MARIJUANA, LORAZEPAM & XANAX in violation of G.L.c. 94C.

6. The monies are related to and are evidence in criminal proceedings which are pending in Essex County against Louis Pasquale.

7. The affidavit of Danvers Police Officer Robert Sullivan is annexed hereto and incorporated herein by reference.

IV. <u>Wherefore the Commonwealth Prays</u>

A. That this Court order the Commonwealth to give notice by certified mail to the owner of said monies described above and all other interested parties.

B. That this Court declare forfeit Fifteen Thousand Five Hundred And Thirty One Dollars in United States currency.

C. That this Court order said monies to be turned over to the Office of the District Attorney of the Eastern District, an authorized law enforcement agency, for distribution pursuant to G.L.c. 94C, as amended.

D. Such other relief as is reasonable and proper.

Respectfully Submitted
for the Commonwealth
JONATHAN W. BLODGETT
DISTRICT ATTORNEY

*George B. Newman*

GEORGE B. NEWMAN #370440
Assistant District Attorney
  for the Eastern District
Museum Place
Two East India Square
Salem, MA. 01970
(978) 745-6610

Dated: September 3, 2004
Group # 227

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS                                                        SUPERIOR COURT DEPARTMENT
                                                                 NO. (S).

COMMONWEALTH OF MASSACHUSETTS     )
BY THE DISTRICT ATTORNEY FOR      )
THE EASTERN DISTRICT              )
PLAINTIFF                         )
                                  )
                                  )
        v.                        )         AFFIDAVIT IN SUPPORT
                                  )         OF PRELIMINARY ORDER
Louis Pasquale                    )         PURSUANT TO M.G.L.
                                  )         CHAP. 94C, SEC. 47(f)
                                  )
                                  )         (U.S. CURRENCY)
                                  )

I, Robert Sullivan, being duly sworn do depose and say that:

1.  I am a police officer.

2.  I have information based upon:

See Attached Report

3.    Based on the above information and belief this officer avers that the $15,531.00 in U.S. currency seized from (defendant) Louis Pasquale of (address) 72 Grove St Gloucester, MA on (date) 5/21/04 in the city of Danvers was used or intended for use in the procurement, manufacture, compounding, processing, delivery or distribution of controlled substances, and/or proceeds from the sale of Controlled Substances, to wit: (drug) Lorazepam + Xanax, Heroin, Klonopin, Marijuana, in violation of the General Laws of Massachusetts Chapter 94C.

Respectfully submitted,

_(signature)_

Then personally appeared the aforesaid affiant, **Robert Sullivan** and made oath that he had read the foregoing affidavit, and knows the contents thereof; and that the facts stated therein are true of his knowledge; except such as are stated to be alleged on information and belief, and as to those that he believes them to be true.

NOTARY PUBLIC
Signature: _Claire A Russo_
My Commission Expires: Nov. 28, 2008



**DANVERS POLICE DEPARTMENT**
*DANVERS, MA*

# Incident Report #4009056

---

Case Title
**DRUG CHARGES**

Location
**65 NEWBURY ST**

Date/Time Reported
**05/26/2004 15:04:00**

Date/Time Occurred
to

Incident Type/Offense
**SOCIETAL CRIME (00003 )**

Reporting Officer
**SULLIVAN, R (53)**

Approving Officer
**PLAMOWSKI, E (44)**

---

### Persons

| Role | Name | Sex | Race | Age | DOB | Home Phone | Address |
|------|------|-----|------|-----|-----|------------|---------|

### Offenders

| Status | Name | Sex | Race | Age | DOB | Home Phone | Address |
|--------|------|-----|------|-----|-----|------------|---------|
| ARRESTEE | PASQUALE, LOUIS | MALE | WHITE | 41 | 09/01/1962 | | 72 GROVE ST GLOUCESTER, MA |
| ARRESTEE | GONZALEZ, JEANNETTE M | FEMALE | UNKNOWN | 19 | 09/18/1984 | 7815983453 | 376 WASHINGTON ST LYNN, MA |

### Vehicles

| Role | Type | Year | Make | Model | Color | Reg # | State |
|------|------|------|------|-------|-------|-------|-------|
| INVOLVED VEHICLE | AUTOMOBILES | 2000 | DAEWOO | NUBIRA | GREEN | 18YY21 | MA |
| Stolen $ | Rec Code | Date Rec | Rec $ | Rec By | | | |

### Property

| Class | Description | Make | Model | Serial # | Value |
|-------|-------------|------|-------|----------|-------|
| MISCELLANEOUS | HEROIN - CLASS A | HEROIN | | | |
| MISCELLANEOUS | KLONOPIN - CLASS C | KLONOPIN | | | |
| MISCELLANEOUS | LORAZEPAM - CLASS C | LORAZEPAM | | | |
| MISCELLANEOUS | XANAX - CLASS E | XANAX | | | |
| MISCELLANEOUS | MARIJUANA - CLASS D | MARIJUANA | | | |
| MISCELLANEOUS | 6 PLASTIC BAGGIES | GLADD | BLUE ZIP LOCK TYPE | | |
| MISCELLANEOUS | 4 STRAWS W/ DRUG RESIDUE | STRAWS | | | |
| MISCELLANEOUS | SPOON | SPOON | | | |
| CURRENCY, NOTES, ETC. | CASH $15,531.00 | US CURRENCY | | | |
| MISCELLANEOUS | CASINO CHIPS | FOX WOODS | | | |
| MISCELLANEOUS | KNIFE W/ DRUG RESIDUE | KNIFE | | | |
| MISCELLANEOUS | MICROCASSETTE RECORDER | SONY | | | |
| MISCELLANEOUS | BINOCULARS | BUSHNELL | | | |
| MISCELLANEOUS | LAP TOP COMPUTER | COMPAQ | PESARIO 2100 | CNF3362GDL | |
| MISCELLANEOUS | POLICE SCANNER | RADIO SHACK | PRO-51 | | |
| MISCELLANEOUS | 2 CELL PHONES | SPRINT | | | |

| MISCELLANEOUS | 4 BOX CUTTER BLADES | 4 BOX CUTTERS |
|---|---|---|

### Narrative

Dispatched to The Motel 6 at 65 Newbury Street in Danvers. A caller had reported that two individuals were sleeping in a car in the parking lot and that the car was running. Dispatch related the caller requested a check be made to see if the persons were all right and if it was safe to sleep there. The vehicle was described as a green Daewoo.

When I arrived I observed a green Daewoo station wagon with MA registration 18YY21. The vehicle was running and there were two occupants. A male operator and a female passenger. They occupied the front seat and were asleep. The male was leaning over on to the female.

I knocked on the window to wake up the occupants. The male woke up and rolled down the drivers side window. I asked if he was a guest at the hotel and he stated he was not but had intended to stay there tonight. As I spoke to him I could see inside the vehicle. The center counsel was covered with a green leafy substance which looked like marijuana. This could clearly bee seen while standing outside the vehicle just looking in. I asked the operator if he had a drivers license. He produced a New York license in the name of Louis PASQUALE. I also asked for the registration which was sitting on the dash board. He also handed that to me. He indicated the vehicle was a rental vehicle and that he had rented it. I requested additional units to assist me.

I asked the passenger if she had any identification on her. She stated she did not. I walked to the passenger side. I asked the female if she would step out so that I could speak to her. She stepped out. She told me that she had a Mass ID card and a permit but did not have it on her. She stated her name was Jeannette GONZALEZ.

While I was speaking with GONZALEZ the operator was still sitting in the car. He began to reach down to the center counsel area and in between that and the passenger seat. PASQUALE was instructed to step from the vehicle and he was pat frisked for weapons. None were found. GONZALEZ was also pat frisked and no weapons were found. In looking at the passenger and drivers floor board I could see more of the marijuana all over the rug.

I informed both PASQUALE and GONZALEZ that I had observed marijuana in plain view in the vehicle. I asked if either of the two had any other drugs or weapons on them or in the vehicle. They stated no they did not. GONZALEZ than began to plead with PASQUALE to "tell him the truth" meaning tell me the truth. She said she did not want to go to jail. She said the marijuana was not hers and she did not want to go to jail.

I asked PASQUALE about the marijuana I observed in the vehicle. He stated that the vehicle was a rental and the place he rented it from was not very reputable. I asked if he was telling me that he rented a vehicle that was covered in marijuana. He did not answer.

Officer Williamson and Silva arrived to assist me. Officer Silva searched GONZALEZ. She reported that in GONZALEZ'S bra she found a phone book cover folded up and containing 3.6 grams of powdered heroin. She also found a knife in that same location.

PASQUALE was placed in the rear seat of Officer Williamson's vehicle while we conducted a search. GONZALEZ took a seat on a stone wall next to the vehicle. She told Officer Silva that the drugs she was holding and the drugs in the vehicle all belonged to PASQUALE. She stated that he had a large bag of marijuana and green pills in the vehicle.

I opened the trunk which contained a large amount of clothing, a black duffel bag, as well as papers, phone books, and other miscellaneous items. GONZALEZ stated that PASQUALE usually puts his drugs in the back bag. I took this to the front of the vehicle and began to search it. Officer Silva located a paper brochure in the trunk that was folded over. It contained a brown powdery substance believed to be heroin. It was later weighed and recorded to be 2.8 grams. She handed it to Officer Williamson who handed it to me. I then placed it on the hood of the vehicle with the drugs already located.

A short time later Officer Williamson located a plastic shopping bag. He opened the bag and looked inside. It contained a large amount of cash. He immediately closed it and handed it to me. I looked inside and then placed it in the front seat of my vehicle. I did not count it and it was not stored with the recovered drugs. Also recovered from the trunk was six blue zip lock bags.

At this time Officer Zawacki from the Peabody Police Department was contacted. He responded with his K-9. The dog instantly alerted to the passenger side quarter panel and engine compartment from the exterior of the vehicle. The dog also alerted to the drivers side front door area and the center compartment area.

The hood of the trunk was opened. A white towel was observed stuffed in the corned where the dog had alerted to. The towel was removed and unrolled. As I unrolled the towel I could immediately smell the odor of marijuana. It was found to contain a large blue plastic bag. Inside the plastic bag was a large amount of marijuana. Later it was weighted and found to be 19.0 grams. This plastic bag is the same as the empty bags found in the trunk. It also contained two white shopping bags balled up. One white bag contained a ball of a brown substance believed to be heroin. It was later weighed and recorded as 2.9 grams. The other bag contained a hard tubular and brown substance approximately one inch long. It was later found to be heroin and weighed 7.6 grams. A pill bottle was also in the towel. It contained 33 Klonopin pills, a class C substance. There was also a wrapper from a cigarette box that contained 11 white pills later identified as lorazepam, a class C substance.

GONZALEZ was indicating there was more drugs in the vehicle and the dog had alerted on the inside of the vehicle as well. She was informed that she was being placed under arrest for possession of the heroin that she had. Officer Silva transported her back to the police station.

The vehicle was towed back to the police station. I stood by while it was loaded on to the flat bed and followed it back to the police station where it was secured in the garage.

Following the vehicles return to the garage the search was resumed. Officer Zawacki located a wrapper from a box of cigarettes which contained a green leafy substance believed to be marijuana and 5 green pills. The pills were later identified as Klonopin, a class C substance. This appeared to be the marijuana and the green pills that GONZALEZ was talking about.

I continued my search of the black duffel bag at this time as well. Inside I located one and one half of a yellow pill. This was later identified as Xanax, a class E substance. I also found $4,200.00 cash in one of the outer pockets of the bag. There was also chips from Foxwoods Casino. The value of the chips was $1,505.00.

Officer Zawacki removed the cash from my vehicle that had been recovered from the trunk of the suspect vehicle. He did this while I watched. This was done because Officer Zawacki had not come in contact with any of the drugs. He brought the cash into the station and up to the roll call room. The cash was placed in a brown paper bag. Four other of the same bags were filled with a book each. Officer Zawacki brought in his K-9 and the dog indicated which bag contained the cash. The dog picked up the bag and was very excited. The dog sniffed the other bags but did not have a reaction to any of them. Sgt. Milne observed this as well.

The cash was then counted. It as in two bundles. One contained $9,620.00 and the other contained $1,000.00.

Other items that were located in the vehicle was four plastic straws cut in half with a residue of a drug. A lap top computer, a micro cassette recorder, numerous box cutters, a police radio scanner, a spoon, 2 cell phones, and a set of binoculars.

All of the property was logged in as evidence and secured. Photographs were taken both at the scene and at the police station.

# Ex-skipper jailed for heroin possession

**By Julie Manganis**
STAFF WRITER

SALEM — A former Gloucester fishing boat owner will spend the next six months in jail after a Salem District Court judge found him guilty of a string of heroin and marijuana possession charges Thursday.

Louis Pasquale, 42, of 72 Grove St., was arrested last May outside a Motel 6 on Route 1 in Danvers, where police had gone to check on a man and woman sleeping inside a running Hyundai in the motel's parking lot.

Pasquale told police he and the woman, Jeanette Gonzales, 19, of Lynn, had been planning to spend the night at the motel.

But police immediately noticed marijuana spread out around the center console of the car and started asking questions.

Pasquale, who once skippered the fishing vessel Spray and the scallop boat Barbara Ann out of Gloucester Harbor, said that he had rented the car from a disreputable agency.

But police, with the help of a trained drug-sniffing dog, found drugs stashed throughout the car — marijuana, heroin, prescription pills.

Police also found more than $16,000 in cash, money Pasquale tried to convince Judge Robert Cornetta was proceeds from the sale of a fishing license.

They also found nearly 10 grams of heroin and almost 20 grams of marijuana, a little less than an ounce. Pasquale was originally charged with trafficking, but the charges were later reduced by prosecutors after the drug lab results were returned showing less weight than estimated by police.

Police found the prescription drugs Xanax, lorazepam and Klonopin. And they found hundreds of dollars in chips from the Foxwoods Casino in Connecticut.

Pasquale took the stand in his own defense during the jury-waived trial.

Prosecutor Lena Robinson questioned why Pasquale, who had made numerous ATM withdrawals while at the casino — and incurred $15 service charge each time — would have done so if he had the fishing license money handy.

Cornetta expressed skepticism about the claim in sentencing Pasquale to two years in jail, six months of which he must serve.

A single heroin possession charge against the passenger, Gonzales, is pending.

---

**Closing Time At Tuesday Morning.**

We clean house. You clean up.

Starting December 28th, Our Extra Discounts Will Net You Up To 90% Off Retail...

---

*The Salem News, Mon. Dec. 27, 2004*