UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELVANO GALLI ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04CV11544JLT |
| ) | |
| F/V BARBARA ANN (O.N. 699442) ) | |
|  her engines, boilers, tackle, ) | |
|  fishing permits and appurtenances, ) | |
|  *in rem* ) | |
| ) | |
| and Louis Pasquale, *in personam,* ) | |
|     Defendant. ) | |

**PLAINTIFF'S MOTION FOR INTERLOCUTORY SALE OF VESSEL
AND REQUEST FOR CONFIRMATION HEARING**

NOW COMES the Plaintiff, Elvano Galli, pursuant to Rule E(9)(b)(i), to move this Honorable Court to Order the sale of the F/V BARBARA ANN (O.N. 699442). In support of this request, the Plaintiff states as follows:

1. Louis Pasquale was served with a copy of the Plaintiff's Verified Complaint in hand on November 15, 2004 as demonstrated by the Return of Service.

2. F/V BARBARA ANN (O.N. 699442) was served and arrested by the U.S. Marshal on November 15, 2004 as demonstrated by their return of service.

3. The Plaintiff publicized the notice of arrest in the Boston Herald on December 10, 2004 as allowed by the Court. See Docket Entry number 13, return of service.

4. No claims have been filed within the prescribed time set forth in the publicized notice.

5. The F/V BARBARA ANN (O.N. 699442) is accruing substantial storage charges that if allowed to continue to accrue will be disproportionate to the value of the vessel. The current storage charges and labor are $6,185.00 See Exhibit "A" attached hereto. If an extension is granted to Mr. Pasquale to answer the Complaint to April 20, 2005, there

  will be an additional $3,100.00 strictly in storage charges before an answer would be required to be filed. There will also be additional labor charges associated with this boat in maintaining her. These fees do not include the U.S. Marshal's fees that to date total $1,115.69 and increases at a daily rate of $5.00 per day[1]. There is clearly an unreasonable delay in dealing with this vessel that is further complicated because the vessel does not have significant value. She does not have any valuable federal limited access fishing permits. Such permits generally give fishing vessels value. See *Gowen, Inc. v. Quality One,* 244 F.3d 64 (1st Cir. 2001). It is hoped by the undersigned counsel that the vessel would bring at auction approximately $30,000.00 to $35,000.00.[2]

6.  Rule E(b)(i)(B) allows for an interlocutory sale of a vessel when "the expense of keeping the property is excessive or disproportionate." Also Rule E(b)(i)(C) allows for an interlocutory sale of a vessel when "there is an unreasonable delay in securing the release of the property." Clearly in this instance, the cost of keeping the property will be excessive, especially if the process to sell the vessel is not allowed to commence until sometime after the Defendant answers the verified complaint. Additionally, with the Defendant's request for an extension of time to obtain an attorney, there is most certainly an unreasonable delay in securing the release of the property.

7.  The Plaintiff is owed approximately $85,000.00 for necessaries and has incurred additional expenses associated with pursuing his claim, it is requested that this Honorable Court allow the Plaintiff to bid the amount of its outstanding maritime lien against said vessel at the sale of the vessel without actually giving cash or other consideration at the time of the auction of the vessel.

---

[1] These are the figures that were obtained by the undersigned counsel from the U.S. Marshal as of the date of the filing of this motion.

8. The Plaintiff requests that the sale be completed on or before March 23, 2005. The Plaintiff needs a confirmation hearing to occur in order to finalize the sale. As such, the Plaintiff respectfully requests that a hearing be held on March 25, 2005.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court order the interlocutory sale of the BARBARA ANN (O.N. 699442) to take place on or before March 23, 2005 and have a confirmation hearing during the week of March 25, 2005. A proposed order is filed herewith.

Respectfully submitted,
**Elvano Galli**
By his attorney

/s/ David S. Smith

David S. Smith, Esquire
BBO No.: 634865
Cianciulli and Ouellette
163 Cabot Street
Beverly, MA 01915
Tel: (978) 922-9933
Fax: (978) 922-6142

CERTIFICATE OF SERVICE

I, David S. Smith, attorney for the proposed intervening defendant, hereby certifies that I caused to have served a copy of the foregoing document by regular mail postage prepaid to upon Louis Pasquale, care of the Essex County Correctional Facility & Sheriff's Headquarters P.O. Box 807 Middleton, Massachusetts 01949-2807 this 17th day of February, 2005.

/s/ David S. Smith

David S. Smith

---

[2] This value is estimated at the condition of the vessel prior to sinking.